## Daniel T. Thayer *vs.* Joseph Hunt.

If an officer who has a writ of attachment in his hands for service is informed by the debtor therein of the property owned by him, and thereupon, without making any actual attachment, returns an attachment thereof, and takes a receipt for the same from a third person, the latter may show, in an action upon the receipt, that the articles named therein were exempt from attachment.

A receiptor for attached property, who has allowed a horse, included in his receipt, to remain in the debtor's possession, and to be sold by him to a third person, is liable therefor, although after being sold, the horse died without the default of any one. So if he has allowed swine, which were included in the same receipt, to remain in the debtor's possession, and to be killed by him, he is liable for such as were not exempt from attachment, although the debtor has offered to deliver a portion of their pork, equivalent to the full value of either one of them, to his assignee in insolvency, by whom the suit against him has been prosecuted to final judgment and execution.

A receiptor for attached property, who in his receipt has agreed safely to keep the property until called for, and then to deliver the same to the officer, and who has allowed a portion of the property included in his receipt to remain in the debtor's possession, and to be sold by him, so that the same could not be delivered to the officer when called for, is not exonerated from liability by subsequently procuring the property and offering it to the officer.

CONTRACT, brought by a deputy sheriff upon a receipt for property attached on a writ against one Jones, the provisions of which sufficiently appear in the opinion.

The following facts were agreed in the superior court: **On**

38 *

the 7th of August 1858, the plaintiff, having a writ of attach-ment against Jones, called upon him, and Jones stated, in reply to the plaintiff's inquiries, that he had a horse, cow, two shoats and four bedsteads, not incumbered by mortgages, and the plain-tiff, without removing or touching the horse, or seeing the cow, shoats or bedsteads, returned an attachment of the same, and the defendant signed the receipt, but never removed any part of the property from the possession of Jones. The horse, which was sick at the time of the service, was afterwards exchanged by Jones, and soon after died, without the default of any one. The cow and shoats were the only ones owned by Jones.

On the 7th of March 1859, proceedings in insolvency were instituted by Jones, an assignee was chosen, the attachment in the suit was ordered to survive for the benefit of the creditors, judgment was rendered therein in favor of the assignee, who was allowed to appear and prosecute the same, and an execu-tion was issued and placed in the hands of the plaintiff for service, who duly demanded the property, and the defendant informed him of the facts in reference to the animals, and that he knew where the bedsteads were, (which had been sold by Jones,) and would deliver them as soon as he could get them; and in four or five days afterwards he did offer the same to the plaintiff, who refused to receive them. The two shoats were killed by Jones before the institution of the proceedings in insol-vency, but a portion of the pork, equivalent to the full value of either one of them, and not exempt from attachment as provis-ions, or otherwise, remained in his possession, and was offered by him to the assignee, who declined to take the same.

Upon these facts, *Morton*, J. rendered judgment for the plain-tiff, and the defendant appealed.

*P. E. Aldrich*, for the defendant.

*J. B. Cook*, for the plaintiff.

DEWEY, J. The effect of the order of the judge of insol-vency, directing the continuance of the attachment made by a creditor of the insolvent, was to continue the liability of the at-taching officer, as before the institution of proceedings in insol-vency, save that the officer's liability was thereby transferred to

the assignee. We are then to look at the facts, and see how far any circumstances exist, affecting the liability of the receiptor in the present case to the attaching officer. The case disclosed is not that of a receipt like those sometimes given to avoid an actual attachment, where the debtor procures a third person to give security to an officer directed to make an attachment of property generally, and such third person gives an accountable receipt for various articles of personal property, without reference to the question whether the same are attachable, or even in existence. In such cases, the receiptor assumes the absolute liability therefor, and he would be estopped from setting up as a defence that the articles were not the property of the debtor, or that they were articles exempt from attachment. We think the present case must be treated as one where the officer was about to attach and remove the specific property named in the receipt, and the receiptor assumed the liability that would exist in the ordinary case of an actual attachment. Hence, if any of these articles were not attachable in the suit against the debtor, either because they were the property of a third person, or were by law exempt from attachment, and would be wrongfully kept by him as regards the owner, the receiptor may show that the property has gone to the possession or use of the person entitled to the same, in excuse for not performing his promise to deliver the same to the attaching officer.

Among the articles here attached were one cow and one swine that were by law exempt from attachment. These the debtor has claimed as exempt, and refused to allow the receiptor to take, to be delivered to the officer to be seized on the execution issued on the judgment obtained in the suit upon which they were attached. These articles were not such as the officer was required to attach, and the receiptor, upon showing that they have gone into the possession of the debtor, should not be held to account with the officer therefor. If the officer had taken this property from the actual possession of the debtor, and was now responsible to him for a return thereof, or for the value of the same, it would have presented a different case. The present case is apparently distinguishable from that of *Smith* v

*Cudworth*, 24 Pick. 196, taking the facts there to have been as assumed by the court in the opinion given in the case, inasmuch as one of the grounds upon which the action was said to be maintainable upon a receipt given to an attaching officer for goods that were exempt by law from attachment, was, that the officer, if not liable to the attaching creditor, was liable to the debtor from whom they were taken, and therefore he might well maintain his action against the receiptor. In the present case no such liability to the debtor exists, and the only ground of recovery is that they ought to have been delivered for the benefit of the attaching creditor.

As to the horse, it was legally attached, and the receiptor was bound to deliver it to the officer on demand made by him. Instead of keeping the same in his own care and custody, or in that of the debtor, he permitted the same to be sold by the debtor to a third person, who took the same into his own possession. Having thus disabled himself from any further legal custody of the property, or right to take and deliver the same, by permitting such sale, the receiptor became liable therefor upon the demand of the attaching officer, and the death of the horse subsequently to such sale, and while in the custody and under the control of the vendee, furnishes no sufficient answer for the breach of his contract, in which he promises " safely to keep the property until the plaintiff shall call for the same, and then deliver the same to him in like good condition as the same is now in, or pay the value thereof on demand."

As to the other swine attached, the defendant is chargeable upon his receipt. The facts stated in reference to the use made of the same by the debtor do not discharge the liability of the defendant therefor.

The bedsteads attached are not shown to have been exempted from attachment by any facts stated as to the value of the household furniture. These were sold by the debtor after the attachment, and passed into other hands. They were not delivered on the demand made by the attaching officer. The proposal to deliver them at a future day, and the actual offer of the

same five days after the demand, did not save the liability of the receiptor to pay the value of the same.

*Judgment for the plaintiff for the value of the articles for which the defendant is thus held chargeable.*